ORIGINAL

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

APR 1 1 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**UNITED STATES OF AMERICA,**

V.                                                                          Criminal No.: 04-CR-544

**KUN FUK CHENG,**
a/k/a **STEVEN CHENG,**
**JIN RONG CHENG,**
a/k/a **JOYCE CHENG,**
and **HUI GUO,**

                                                **Defendants.**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## BILL OF PARTICULARS

The United States provides for its Bill of Particulars as follows:

In Indictment No.04-CR-544, the United States set forth in its forfeiture allegations its intent to forfeit pursuant to:

1.       Title18, United States Code, Section 982(a)(6)(A) [as well as Title 8, United States Code, Section 1324(b)(1), Title 28, United States Code, Section 2461(c)] the defendants interests, if any, in any and all property constituting or derived from a violation or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act [8 U.S.C. § 1324(a)] . . . the court shall order that the person forfeit to the United States, regardless of any provision or State law; (i) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the

offense/s or which the person/s is convicted; and (ii) any property real or personal: (I) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or (II) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted; <u>and</u>

2. Title 18, United States Code, Section 982(a)(1), each of the defendants, if convicted of an offense in violation of section 1956 . . . of this title, shall forfeit to the United States any property real or personal, involved in such offense, or any property traceable to such property.

The United States further wishes to particularize its intent to forfeit such property to include, but not be limited to, the following property:

### Cash:

1. $186,333.75 seized from 1881 Central Ave., Albany, NY;
2. $ 3,570.00 seized from 1881 Central Ave., Albany, NY;
3. $ 333.00 seized from 1881 Central Ave., Albany, NY;
4. $ 1,068.50 seized from 1200 Ulster Ave., Kingston, NY;
5. $ 207.00 seized from 1309 State St., Schenectady, NY;
6. $ 4,457.00 seized from 710 New Loudon Rd. Latham, NY;
7. $ 836.00 seized from 15 Park Ave., Clifton Park, NY;
8. $ 1,718.00 seized from 1828 Altamont Ave., Rotterdam, NY;
9. $ 222.00 seized from 1828 Altamont Ave., Rotterdam, NY;
10. $ 86,701.00 seized from 148 4th St., Troy, NY;
11. $ 4,520.00 seized from 2600 South Rd., Poughkeepsie, NY;
12. $ 3,031.00 seized from 75-77 Elmendorf St., Kingston, NY;
13. $ 32,072.00 seized from 9 Varun La., Lake Katrine, NY;
14. $ 280.00 seized from 9 Varun La., Lake Katrine, NY;

### Safe Deposit Box:

HSBC Safe Deposit Box, Poughkeepsie Branch #080, Account # XXXXXXX5724, in the name of Nian Fa Lin

**Restrained Accounts:**

Charles Schwab, Account #: XXXX1797, in the name of Jin Rong Cheng
Charles Schwab, Account#: XXXX5791, in the name of Kun Fuk Cheng

Dated: 4/11/05

GLENN T. SUDDABY
UNITED STATES ATTORNEY

By: *Thomas A. Capezza*
Thomas A. Capezza
Assistant U. S. Attorney
Bar Roll No. 503159