

U.S. Department of Justice

United States Attorney
Northern District of New York

445 Broadway, Room 218  
James T. Foley U.S. Courthouse  
Albany, New York 12207-2924

TEL: (518) 431-0247  
FAX: (518) 431-0249

April 20, 2006

Honorable Thomas J. McAvoy  
Senior U. S. District Court Judge  
Federal Building and U.S. Courthouse  
15 Henry Street  
Binghamton, New York 13901

Re: **United States v. Kun Fuk Cheng, et al.**
    Criminal No.: 06-CR-544

Dear Judge McAvoy:

Please allow this letter to serve as the government's response to the Petition for Adjudication of Interest under 21 U.S.C. Section 853(n) of 1881 Central Avenue, Albany, New York, filed on behalf of the Chinese American Bank ("Petitioner"). The government recognizes Petitioner's interest.

The Petitioner requests the following relief:

1. A hearing to adjudicate the validity of its interest in the subject property;

2. A determination that Petitioner has legal right, title or interest in the subject property, and such right, title or interest renders the Preliminary Order of Forfeiture invalid in whole or in part because the subject property was, and still is, encumbered by Petitioner's first mortgage lien and security interest in and to the subject property at the time of the commission of the acts which gave rise to the forfeiture of the subject property;

3. An Order which would amend the Preliminary Order of Forfeiture to allow release of the subject property and allow Petitioner to proceed with foreclosure of the mortgage on the subject property, all in accordance with the laws of the State of New York; or in the alternative,

*Honorable Thomas J. McAvoy*
*Senior U. S. District Court Judge*
*April 20, 2006*
*Page Two*

    4.      An Order directing that the United States Government take the subject property subject to Chinese American Bank's first mortgage lien and security interest in and to the subject property and that the United States Government be obligated to promptly pay to Chinese American Bank the total amount due under its Note, Mortgage and other loan documents of $947,502.89, plus default interest from March 17, 2006 at a rate of 13% per annum and attorneys' fees, failing which, the subject property should be transferred by the United States Government to Petitioner.

        In response, the government acknowledges that Petitioner has a superior interest in the subject property. The government may dispute such items as "default interest" and "attorneys' fees", but will, at the appropriate time, endeavor to reach agreement as to Petitioner's legitimate interest and satisfy that interest if and when the subject property is sold.

        Additionally, the government opposes any foreclosure action. *See* Title 21, United States Code, Section 853(k)(2) ("no party claiming an interest in property subject to forfeiture may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property subject to forfeiture under this section"). Petitioner's remedy is limited to that of a superior interest to be adjudicated in an ancillary proceeding, not a foreclosure proceeding. For similar reasons, the government opposes any order directing that the subject property be turned over to Petitioner.

        Finally, following Defendant Steven Cheng's sentencing (if not sooner), the government intends to submit an Amended Preliminary Order of Forfeiture or a Final Order of Forfeiture with a stipulation acknowledging Petitioner's interest. In the hopes of conserving judicial resources, and in light that the government's acknowledgment that Petitioner has an interest in the subject property, the government respectfully requests that discovery, motions and a hearing

*Honorable Thomas J. McAvoy*
*Senior U. S. District Court Judge*
*April 20, 2006*
*Page Three*

pursuant to Rule 32.2(c)(1) be deferred until: the preliminary order becomes final and the litigants have reached an impasse as to the appropriate dollar amount.

          Respectfully submitted,

          Glenn T. Suddaby
          United States Attorney

By:           
          Thomas A. Capezza
          Assistant U.S. Attorney