

U.S. Department of Justice

United States Attorney
Northern District of New York

445 Broadway
Albany, New York 12207
(518) 431-0247

December 10, 2008

**By ECF**

Honorable Thomas J. McAvoy
Senior U.S. District Judge
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, New York 13901

        Re: **United States v. Cheng, et al**
            Cr. No.: 04-CR-544

Dear Judge McAvoy:

    The government writes to respectfully request a hearing to address the third-party claim of MRK Real Property, LLC, to real property subject to forfeiture and known as 1471 Route 9 and 15 Plank Road, Halfmoon, New York (the "subject real properties"). The parties have unsuccessfully attempted to settle the claims and a hearing is therefore necessary.

    By way of background, in November 2004, defendants in the underlying criminal action were indicted. Said indictment included a forfeiture allegation (*ECF no. 1*). Consistent with the government's intent to forfeit real property, the government filed *Notice of Lis Pendens* regarding the subject real properties no later than August 30, 2005 (*ECF no. 172; see also ECF no. 164*). Defendants were subsequently convicted, and the Court entered a Preliminary Order of Forfeiture regarding the subject real properties.

    On March 17, 2006, United Commercial Bank (formerly known as Chinese American Bank) filed a claim to the subject real properties (*ECF no. 183*). The government recognizes the mortgage interest of United Commercial Bank as a superior interest and seeks to remit the subject real properties to that bank.

On March 21, 2006, MRK Real Property, LLC ("MRK"), filed a similar claim to the subject real properties (*ECF no. 185*). In substance, MRK maintains that by virtue of an October 5, 2005, "written contract to purchase a fee simple absolute interest in the Property," *id.* at ¶ 6, it obtained "equitable title" to the subject real properties. *Id.* at ¶ 9.

The government respectfully requests a hearing to address MRK's claim to the property. At said hearing the government will request that the Court dismiss MRK's claim and enter an order remitting the subject real properties to United Commercial Bank. In substance, the government will argue that MRK has neither a superior interest nor is a bona fide purchaser for value pursuant to Title 21, United States Code, Sections 853(n)(6)(A) and (B), made applicable by Title 18, United States Code, Section 982. Moreover, assuming *arguendo*, that MRK acquired an ownership interest, said interest (acquired though the October 2005 contract) post-dates the August 2005 *Notice of Lis Pendens*. Thus, MRK does not have grounds to amend the preliminary order of forfeiture and MRK's claim should therefore be dismissed.

To the extent that the Court seeks a pre-hearing memoranda of law setting forth the anticipated facts and legal issues, the government respectfully requests that the Court set a briefing schedule as well.

Respectfully submitted,

ANDREW T. BAXTER
Acting United States Attorney

By: Thomas A. Capezza
Assistant U.S. Attorney
Bar Roll No. 503159